UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRT ALLEN GOOLD<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-cv-2582 AC<br><br><br><br>ORDER |

Plaintiff Kirt Allen Goold commenced this social security action on October 29, 2016. ECF Nos. 1-3.[1] On March 30, 2018, the court granted plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, remanded the case to the Commissioner for an immediate award of benefits, and entered judgment for plaintiff. ECF Nos. 23, 24. Presently pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 25. The Commissioner filed an opposition to plaintiff's motion. ECF Nos. 28. After considering the parties' briefing and the applicable law,

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 8.

1

the court grants plaintiff's motion for EAJA fees.

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he successfully obtained a remand for an immediate award of benefits. Furthermore, plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[2] Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of

---

[2] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for plaintiff on March 30, 2018. ECF Nos. 23, 24. The judgment became a non-appealable "final judgment" 60 days later on May 29, 2018. See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity). Accordingly, plaintiff was required to file an application for EAJA fees no later than

2

fees under the EAJA, because the position of the Commissioner was substantially justified. See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees unless the government shows that its position "with respect to the issue on which the court based its remand was 'substantially justified'").

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis in both law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Gutierrez, 274 F.3d at 1259.

The Commissioner's argument that its position in this case was substantially justified is unpersuasive. As discussed in detail in the court's prior order,[3] the ALJ failed to provide specific, legitimate reasons based on substantial evidence for rejecting plaintiff's treating psychiatrist, Dr. Clark. Although the Commissioner attempts to demonstrate substantial justification by showing what specific reasons the ALJ could have used to discount Dr. Clark's opinion, the fact remains that the ALJ failed to perform such analysis in contravention of well-established Ninth Circuit case law. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing Lester v. Chater, 81 F.3d 821, 830–31 (9th Cir. 2014)). As such, the Commissioner's position during the administrative proceedings, and its defense of that position in the litigation before this court, were not substantially justified.

---

30 days after the "final judgment," i.e., by June 28, 2018. Plaintiff's June 28, 2018 application is therefore timely.

[3] The court does not repeat its analysis of the substantive issues here, but instead refers the parties to its March 30, 2018 order. See ECF No. 23.

3

Therefore, having concluded that the Commissioner's position was not substantially justified, and that there are no other special circumstances that would make an award of EAJA fees unjust, the court finds that plaintiff is entitled to an award of fees pursuant to the EAJA.

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for increases in the cost of living. See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001). The cost of living adjustment to the statutory cap is computed by multiplying the statutory cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress. Id. at 1148-49; see also Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005).[4] The national, rather than local, change in cost of living should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

Here, the Commissioner opposes plaintiff's requested rate and hours for several reasons. ECF No. 28 at 5-11. Plaintiff submitted a timesheet, with entries broken down by various tasks performed in relation to the case, showing that plaintiff's counsel and paralegal spent a total of 62.4 hours[5] from 2016 to 2017, at a cost-of-living adjusted rate of $196.79 for counsel, a rate of $130 for his paralegal, for a total fee request of $11,124.02. ECF No. 25-2.

---

[4] In accordance with the decision in Thangaraja, 428 F.3d at 876-77, and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested rates are within the statutory maximum rate established by the Ninth Circuit.

[5] Plaintiff's billing entries include a total of hours at 65.10, however 2.7 hours included in the total had "no charge." See ECF No. 25-2 at 1-3.

First, the Commissioner argues that plaintiff impermissibly included 1.0 hour for pre-complaint work as part of his fee request. ECF No. 28 at 5 (citing Prowest Diversified, Inc. v. United States, 40 Fed. Cl. 879, 886 (Fed. Cl. 1998) ("[O]f the fees incurred by a prevailing party prior to filing the complaint, recovery under the EAJA is narrowly limited only to fees for legal and factual research preparatory to" filing in court) (internal quotations and citations omitted)). However, the Commissioner misreads Prowest. In Prowest the court found that *"many* of the services rendered prior to filing the complaint are not compensable" under the EAJA, not that *all* services were not recoverable. 40 Fed. Cl. 886. In fact, the court found that the EAJA coverage began, and fees were thus recoverable, when plaintiff was able to pursue an appeal on a denial of a government contract claim. Id. Here, plaintiff seeks fees associated with the preparatory steps necessary to determine, prior to filing the complaint, whether plaintiff's claims and legal contentions are warranted. Reviewing the decisions of the ALJ and Appeals Counsel ensures that plaintiff's counsel has sufficient pre-filing inquiry to know the merits of the lawsuit that he is filing. See Tate v. Colvin, 2013 WL 5773047, at *4 (E.D. Cal. 2013) (Oberto, M.J.) ("As a practical matter, some work must be performed to initiate the civil suit—a part of which includes reviewing the facts and the law to ensure the lawsuit is not frivolous as well as drafting and filing the necessary documents to commence the action. Such work is wholly separate from the underlying administrative proceedings and is clearly related to the civil action...."); Levernier Const., Inc. v. United States, 947 F.2d 497, 501 n. 2 (Fed.Cir. 1991) ("fees for legal and factual research preparatory to Claims Court litigation constitute 'fees ... incurred by [a] party in [a] civil action' ") (quoting 28 U.S.C. § 2412(d)(1)(A)). There is simply no holding in Prowest that could be interpreted as indicating that work done after completion of the administrative process in plaintiff's social security claim is unequivocally non-compensable under EAJA.

Second, the Commissioner argues that plaintiff cannot recover EAJA fees for clerical tasks. Specifically, the Commissioner seeks to strike hours spent preparing the complaint and related papers; mailing documents; filing consent forms; emails between Mr. Ragnes and counsel; proofreading and cite checking case law and record citations; and review of reply brief. ECF No. 28 at 6. As an initial matter, "costs associated with clerical tasks are typically considered

5

overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable." Kirk v. Berryhill, 244 F.Supp.3d 1077, 1084 (E.D. Cal. Mar. 22, 2017) (quoting Bakewell v. Astrue, No: 3:10-cv-1525-JE, 2013 WL 638892 at *3 (D. Or. Jan. 9, 2013)); see also Nadarajah v. Holder, 569 F. 3d 906, 921 (9th Cir. 2009) (reducing the number of hours billed at paralegal rate for the performance of clerical work). This Court has determined tasks such as preparing service documents, filing documents, preparing a consent form, and reviewing receipts from the Court are clerical in nature. Kirk, 244 F.Supp.3d at 1084. Accordingly, the hours reported by Mr. Ragnes will be reduced by 1.0 for clerical tasks, including service of documents and preparation of the consent form. See ECF No. 25-2 at 1 ("Marshall documents for service on U.S. Marshall; mail per court requirements; draft notice of service and e-file" billed 0.70 hours at a rate of $130 per hour; "Draft and e-file consent to magistrate per Mr. Weems instruction" billed 0.30 hours at a rate of $130 per hour). Review of the billing entries for other tasks cited by Commissioner do not warrant a reduction as they are not determined to be clerical in nature.

Third, the Commissioner seeks to strike hours based on redundant and duplicative billing. The Commissioner argues that the decision to employ both a paralegal and attorney to concurrently work on the case resulted in "excessive, redundant, or otherwise unnecessary expenditures." ECF No. 28 at 7 (citing Hensley, 461 U.S. at 434; Spegon v. Catholic Bishop, 175 F.3d 544, 553 (7th Cir. 1999)). The court disagrees with the Commissioner as to counsel's billing entries for reviewing the administrative record; briefing the opening brief; legal research; and further drafting, for a total of 27.7 hours. These hours are not duplicative, as it was counsel's obligation to familiarize himself with the facts of the case, administrative record, and relevant case law. However, a review of the billing entries indicates that 4.6 hours claimed by Mr. Ragnes are indeed duplicative of work done by counsel. See ECF No. 25-2 at 2 ("review administrative record for motion for summary judgment" billed 2.00 hours at a rate of $130 per hour; "do issue spotting of administrative record; e-mail Mr. Weems re Goold research file and identified issues; follow up regarding same" billed 1.00 hours at a rate of $130 per hour; "legal research and prepare memorandum regarding relevant case authority, vocational issues and arguments" billed 1.60 hours at a rate of $130 per hour). Therefore, Mr. Ragnes' hours will be reduced by 4.6 hours

6

based on duplicative billing.

Fourth, the Commissioner argues that the briefing in this case consisted of "very commonly litigated issues" and considering counsel's familiarity in Social Security matters and issues, a reduced number of 15 hours for the merits briefing by counsel is reasonable. ECF No. 28 at 7-8. After carefully reviewing the record and the pending motion, the court finds that the claimed 44.6 hours to be a reasonable amount of attorney time to have expended on this matter and declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., Stewart v. Sullivan, 810 F.Supp. 1102, 1107 (D.Haw.1993); Vallejo v. Astrue, No. 2:09-cv-03088-KJN, 2011 WL 4383636, at *4 (E.D. Cal. 2011); Destefano v. Astrue, No. 05-cv-3534-NGG, 2008 WL 623197, at *4 (E.D.N.Y. 2011), adopted, 2008 WL 2039471 (E.D.N.Y. 2008). Even assuming, as defendant argues, that the issues presented were "common" 44.6 hours can be fairly characterized as well within the limit of what would be considered a reasonable amount time spent on this action. See Boulanger v. Astrue, No. CIV S-07-0849-DAD, 2011 WL 4971890, at *2 (E.D. Cal. 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-1895-DAD, 2011 WL 4889190, at *2 (E.D. Cal. 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088-KJN, 2011 WL 4383636, at *5 (E.D. Cal. 2011) (finding 62.1 hours to be a reasonable amount of time); Dean v. Astrue, No. CIV S-07-0529-DAD, 2009 WL 800174, at *2 (E.D. Cal. 2009) (finding 41 hours to be a reasonable amount of time). The court will therefore award the requested amount.

Fifth, the Commissioner seeks to oppose plaintiff's contention that it will seek 3.0 additional hours if the EAJA petition is opposed. ECF No. 28 at 8; 25-1 at 4. However, the court will disregard this request as plaintiff did not include these hours in his requested fee, nor prepare or file a Reply.

Lastly, the Commissioner seeks to reduce plaintiff's requested rate for paralegal fees of $130 per hour to a market rate of $75 per hour. The court agrees. Paralegal fees for services customarily billed to a client are recoverable under the EAJA. See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 589 (2008). Here, plaintiff seeks an award of $2,314 for the tasks expended by Mr. Ragnes, which includes 17.8 hours of work at a rate of $130 per hour. See ECF

No. 25-2. Although the EAJA does not set a maximum rate of compensation for paralegals such as Mr. Ragnes, the EAJA permits compensation in line with rates "in the community for similar services by paralegals of reasonably comparable skill, experience and reputation." Nadarajah v. Holder, 569 F. 3d 906, 918 (9th Cir. 2009) (citation omitted); Richlin Sec. Serv., 553 U.S. 571 at 588–89 (paralegal fees may be awarded at prevailing market rates under the EAJA). Courts in the Eastern District of California have determined that the prevailing hourly paralegal rate is $75 per hour. See, e.g., Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Ed., No. 2:11-cv-3471-KJM-AC, 2016 WL 4375015, at *14 (E.D. Cal. Aug. 17, 2016) ("the local rate for paralegals is $75 per hour"); see also Orr v. California Highway Patrol, No. 2:14-cv-585-WBS-EFB, 2015 WL 9305021, at *4 (E.D. Cal. Dec. 22, 2015) ("courts in this district have generally found that $75 is an appropriate hourly rate for paralegals"). Although plaintiff has provided information regarding Mr. Ragnes' experience, the court is not persuaded to depart from the ordinarily enforced rates in this district. Therefore, total time for Mr. Ragnes, with a reduction of 5.6 hours for the above mentioned, for a total time of 12.2 hours at a rate of $75 per hour, for a total billing of $915 (12.2 x $75).

Based on the foregoing, the court finds that a reduced EAJA fee award of $9,725.02[6] ($8,776.83 (44.6 x $196.79) + $915 (12.2 x $75) +$33.19[7]) is reasonable, as required under the EAJA. The court notes that plaintiff has executed an assignment of EAJA fees to plaintiff's counsel. ECF No. 25-3. However, the EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010). Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be

---

[6] This amount represent the statutory maximum rate with adjustments for the increase in costs of living for hours completed in 2017 ($196.79 per hour). See Statutory Maximum Rates Under the Equal Access to Justice Act, available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited December 7, 2018).

[7] Plaintiff's request for costs associated with conducting legal research and postage will be awarded. ECF No. 25-2 at 3. See Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan, 769 F.2d 1388, 1392 (9th Cir.), amended, 792 F.2d 762 (9th Cir. 1985) (Prevailing party is entitled to an award of costs for postage under EAJA); see also Greer v. Berryhill, No. 1:16-cv-0042-JLT, 2018 WL 3197792, at *8 (E.D. Cal. June 26, 2018) ("[D]istrict courts throughout the Ninth Circuit determined that legal research fees are compensable under the EAJA.")(citations omitted).

made in the name of plaintiff's attorney.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 25) is GRANTED.
2. Plaintiff is awarded attorneys' fees in the reduced amount of $9,725.02 pursuant to the EAJA. If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

IT IS SO ORDERED.

DATED: December 10, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE